IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ANNAMALAI ANNAMALAI,

        Petitioner,

v.

DANIEL SPROUL,

        Respondent.

Case No. 3:22-CV-144-NJR

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

    Petitioner Annamalai Annamalai, an inmate incarcerated at U.S. Penitentiary Marion, brings this action pursuant to 28 U.S.C. § 2241, purportedly to challenge the execution of his sentence. (Doc. 4). Annamalai was resentenced in the Northern District of Georgia on August 27, 2021, to a total term of 216 months' imprisonment on 12 counts, including: conspiracy to commit bank fraud; bank fraud; false federal income tax return; false statement; obstruction of justice; and false statement under oath in a bankruptcy proceeding. *See United States v. Annamalai*, Case No. 1:13-cr-437-TCB-CMS, Doc. 986 (N.D. Ga. Aug. 27, 2021).

    This matter is now before the Court for preliminary review. Rule 4 of the Federal Rules Governing Section 2254 Cases in United States District Courts provides that upon preliminary consideration by the district judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) gives this Court the authority to apply the rules to other habeas corpus cases.

With this action, Annamalai first claims he is being held in wrongful execution of sentence because he is being housed in the Communications Management Unit (CMU) at Marion, despite the district court's recommendation that he should not be housed there. Second, Annamalai asserts his Judgment and Commitment Order was not executed lawfully and, therefore, his custody is illegal. Third, he argues his good time credit has not been calculated accurately under the First Step Act. Last, Annamalai contends his sentence computation sheet lists the wrong amount of restitution. As relief, Annamalai seeks immediate removal from solitary confinement and the CMU, release from "illegal" custody, deportation to India, proper good time credit under the First Step Act, and correction of his restitution amount/reimbursement of restitution that has been taken from him thus far. He also filed a motion for temporary restraining order requesting the same relief. (Doc. 2).

A petition seeking habeas corpus relief is appropriate under 28 U.S.C. § 2241 when a prisoner is challenging the execution of a sentence. *See Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998). If a federal prisoner is not challenging the fact of his confinement, but instead the conditions under which he is being held, his available remedy is under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). *Glaus v. Anderson*, 408 F.3d 382, 386-87 (7th Cir. 2005).

Here, although Annamalai couches his first claim in terms of challenging the wrongful execution of his judgment, he clearly is complaining about his conditions of confinement. He notes the district court's recommendation[1] that he be housed outside

---

[1] And that's all that it is—a recommendation. Congress has given the Bureau of Prisons full discretion in

the CMU and asserts that the BOP's decision to house him there anyway has created a serious threat to his life and safety. He claims he has been harassed, beaten, and mentally tortured by other inmates, and he asserts he has not received corresponding medical care. This issue, thinly veiled as a challenge to the "execution" of his judgment, actually concerns Annamalai's conditions of confinement. As such, this claim cannot properly be raised in a § 2241 petition.

With respect to Annamalai's remaining claims, it is well established that, absent extraordinary circumstances, a district court should not consider a habeas petition while a direct appeal is pending, as the disposition of the appeal could render the petition moot. *United States v. Robinson*, 8 F.3d 398, 405 (7th Cir. 1993); *McCuan v. Gonzales*, No. CIV. 06-706-DRH, 2007 WL 2908929, at *2 (S.D. Ill. Oct. 4, 2007); *see also Westine v. Warden, USP-Terre Haute*, No. 2:17-CV-501-RLM-MJD, 2017 WL 6805650, at *1 (S.D. Ind. Nov. 9, 2017) ("The proliferation of multiple actions is to be avoided, and won't be permitted here.").

Annamalai has a direct appeal of his amended judgment pending before the Eleventh Circuit Court of Appeals. *See United States v. Annamalai*, Case No. 21-13002 (11th Cir. Aug. 27, 2021). Before seeking relief under § 2241, Annamalai must first raise his claims in his direct appeal or in a motion under 28 U.S.C. § 2255. *See Montana v. Cross*, 829 F.3d 775, 783 (7th Cir. 2016) (citing *In re Davenport*, 147 F.3d 605 (7th Cir. 1998)); *see also Annamalai v. True*, No. 19-CV-00064-SMY, 2020 WL 5705372, at *2 (S.D. Ill. Sept. 24, 2020) (quoting *Unthank v. Jett*, 549 F.3d 534, 535 (7th Cir. 2008) ("A § 2241 petition is not a

---

determining the placement of federal prisoners. *See* 28 U.S.C. § 3621(b) ("The Bureau of Prisons shall designate the place of the prisoner's imprisonment.").

substitute for an appeal and is available to challenge a conviction or sentence only when a § 2255 remedy 'is inadequate or ineffective to test the legality of his detention.'").

For these reasons, Petitioner Annamalai Annamalai's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 4) and Motion for Temporary Restraining Order (Doc. 2) are **DENIED**.

## NOTICE

If Annamalai wishes to appeal this Order, he must file a notice of appeal with this Court within 30 days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). Annamalai must list each issue he intends to appeal in the notice of appeal and his motion for leave to appeal *in forma pauperis*, if he chooses to file one. See FED. R. APP. P. 24(a)(1)(C). If Annamalai chooses to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. See FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than 28 days after the entry of the judgment, and this 28-day deadline cannot be extended. Other motions, including a Rule 60 motion for relief from a final judgment, do not toll the deadline for an appeal.

**IT IS SO ORDERED.**

DATED: March 3, 2022

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**